FILED

JUN 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30239 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00003-RRB-1 |
| v. | |
| WILLIS SCOTT MAXON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted June 4, 2014
Anchorage, Alaska

Before: WALLACE, WARDLAW, and CHRISTEN, Circuit Judges.

Willis Scott Maxon appeals his conviction for false identification of wildlife

pursuant to 16 U.S.C. §§ 3372(d)(2) and 3373(d)(3)(A)(ii).  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Assuming without deciding that Maxon preserved his objection to the erroneous citation to 16 U.S.C. § 3373(d)(1)(B), we conclude that Maxon cannot demonstrate that he was prejudiced by the Government's citation error. *See* Fed. R. Crim. P. 7(c)(2) ("Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction.").[1] An indictment's "description of the alleged conduct is far more critical than the indictment's . . . citation of a particular provision of a statute," *United States v. Bonallo*, 858 F.2d 1427, 1430 (9th Cir. 1988), and the indictment here alleged conduct corresponding to the elements of 16 U.S.C. §§ 3372(d)(2) and 3373(d)(3)(A)(ii). Moreover, the record shows Maxon was on notice of the correct charges against him before trial commenced. Nor was Maxon prejudiced at sentencing, because the maximum fines possible under 16 U.S.C. § 3373(d)(3)(A)(ii), and the erroneously cited penalty provision, 16 U.S.C. § 3373(d)(1)(B), are identical. *See* 18 U.S.C. § 3571(b); *id.* § 3571(e).

**AFFIRMED.**

---

[1] Contrary to Maxon's argument, automatic reversal is not warranted on Fifth Amendment grounds because a "statutory citation is not regarded as part of the indictment." *United States v. Pazsint*, 703 F.2d 420, 423 (9th Cir. 1983).